J. S29035/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RUSSELL DABNEY, | : | No. 393 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 10, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001894-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2019**

Russell Dabney appeals from the December 10, 2018 judgment of sentence entered in the Court of Common Pleas of Delaware County after he entered a negotiated guilty plea to one count each of receiving stolen property, possession of drug paraphernalia, and aggravated harassment by a prisoner.[1] The trial court imposed an aggregate sentence of 15 to 30 months of incarceration, followed by one year of probation.  Douglas L. Smith, Esq., has filed an ***Anders*** brief,[2] with an accompanying petition, alleging that the appeal

---

[1] 18 Pa.C.S.A. §§ 3925(a), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 2703.1, respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

is frivolous. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court set forth the following:

> The incident that gave rise to [appellant's] conviction took place on January 24, 2018. While driving a stolen motor vehicle[, appellant] led Darby Borough police officers on a lengthy vehicle chase. After [appellant] brought the stolen vehicle to a stop he fled on foot. He was eventually taken into custody and a stolen IPhone and drug paraphernalia were found in his possession. [Appellant] resisted arrest. At police headquarters EMS personnel from the Darby Fire Company were called to evaluate [appellant's] condition. [Appellant] berated police officers, screamed obscenities and spit on an officer more than once. Eventually he was transported to Mercy Fitzgerald Hospital where he was treated for injuries that he sustained during the course of the foregoing incident.[Footnote 1]
>
> > [Footnote 1] The parties stipulated that the facts set forth in the Affidavit of Probable Cause constituted a sufficient factual basis for the plea.
>
> [Appellant] pled guilty to [the aforementioned crimes and the trial court imposed the aforementioned sentence.] A motion to withdraw the guilty plea was filed post-sentence. The post-sentence motion was denied on January 9, 2019 and a timely Notice of Appeal was filed[].
>
> In response to an Order directing [appellant] to file a Concise Statement of Errors Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b),] appellate counsel has stated his intention to file an ***Anders*** brief with the Superior Court.

Trial court opinion, 2/25/19 at 1-2 (additional footnotes omitted).

The trial court then filed a Rule 1925(a) opinion wherein it concluded that following a review of the record and counsel's statement of intention to file an **Anders** brief, "further exposition regarding [appellant's] conviction and the sentence imposed is unnecessary." (**Id.** at 2.)

To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super. 2012), quoting **Santiago**, 978 A.2d at 361. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. With respect to the briefing requirements, "[n]either **Anders** nor **McClendon** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359, 360. Finally, counsel must furnish a copy of the **Anders** brief to his client and "advise[] him of his right to retain new counsel,

proceed **pro se** or raise any additional points that he deems worthy of the court's attention, and attach[] to the **Anders** petition a copy of the letter sent to the client." **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (quotation marks and quotation omitted).

Our review of Attorney Smith's petition to withdraw, supporting documentation, and **Anders** brief reveals that he has substantially complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed **pro se**, and/or raise any additional points that he deems worthy of this court's attention,[3] and attached to his petition to withdraw a copy of the letter he sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Daniels**, 999 A.2d at 594 (holding that "[w]hile the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Smith has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural

---

[3] Appellant did not file a response.

requirements of **Anders**. We, therefore, proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Attorney Smith raises the following issues in the **Anders** brief:[4]

> [1.] Whether [appellant] entered a plea of guilty that was a knowing, voluntary and intelligent plea of guilty?
>
> [2.] Whether the aggregate sentence of 15-30 months [of] incarceration followed by 1 year [of] consecutive probation imposed on [appellant] is harsh and excessive under the circumstances?

**Anders** brief at 3 (full italics omitted).

In considering the validity of a guilty plea colloquy, "[t]he Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa.Super. 2014) (citations omitted), **appeal denied**, 105 A.3d 736 (Pa. 2014). Pursuant to Rule 590, the sentencing court should inquire whether the defendant understands, among other things, "the nature of the charges to which he or she is pleading guilty[,]" and "the permissible range of sentences and/or fines" possible. Pa.R.Crim.P. 590, Comment. "[N]othing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea

---

[4] We have reordered appellant's issues for ease of disposition.

proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 893 (Pa. 2009).

Thereafter,

> [t]he reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, 97 A.3d at 352 (citations omitted). Accordingly, even if there is an omission in the oral plea colloquy, "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (citation omitted).

Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he cannot recant the representations he made in court when he entered his guilty plea. *Id.* (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead

guilty. The law only requires that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. *See Commonwealth v. Moser*, 921 A.2d 526, 528-529 (Pa.Super. 2007).

Here, the record reflects that appellant read, completed, and signed a thorough written guilty plea colloquy form, which is part of the certified record. (Written guilty plea statement, 12/10/18.) On that form, appellant affirmed, in writing, among other things, (i) that he understood the charges filed against him and the maximum sentences that could be imposed for those crimes; (ii) that he fully discussed the charges and possible defenses with his attorney; (iii) that he was fully satisfied with his attorney's representation and advice; (iv) that his decision to plead guilty was his own decision; (v) that no one used any pressure, force, or threats against him to induce him to plead guilty; (vi) that no promises were made to induce his guilty plea; (vii) that he committed the crimes to which he pled guilty; and (viii) that he had enough time to fully discuss his case and decision to plead guilty with his lawyer and that he understood and agreed with everything contained in the guilty plea statement.[5] (*Id.*)

The record further reflects that the trial court conducted an oral guilty plea colloquy. (Notes of testimony, 12/10/18.) Appellant acknowledged that he was given sufficient time and opportunity to review the guilty plea

---

[5] We note that appellant also executed a statement of post-sentence rights. (Appellant's statement of post-sentence rights, 12/10/18.)

statement. (*Id.* at 9.) Appellant further acknowledged that he understood everything in the guilty plea statement, that he initialed the 29 subparagraphs contained in the statement, and that he executed the statement. (*Id.*) Appellant affirmed that no one forced or pressured him to accept the plea agreement. (*Id.* at 10.) Appellant also affirmed that he was not under the influence of drugs, alcohol, or any substance that would prevent him from understanding the terms of the plea agreement. (*Id.*) Appellant acknowledged that he understood the Commonwealth's burden of proof but desired to give up his right to trial and enter a guilty plea. (*Id.*) Appellant declined the opportunity to ask his attorney any additional questions prior to entering his guilty plea. (*Id.*)

After thoroughly reviewing the record, we conclude that the totality of the circumstances surrounding appellant's entry of his negotiated guilty plea discloses that appellant fully understood the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

Appellant next challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

> sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in his brief. In his post-sentence motion, appellant only challenged the validity of his plea. (Appellant's motion challenging validity of guilty plea, 12/17/18.) On appeal, however, appellant claims his sentence is harsh and excessive. (Appellant's brief at 5-6.) Because appellant did not give the trial court the opportunity to reconsider or modify his sentence on the basis that the sentence was harsh and excessive, appellant failed to properly preserve this specific discretionary sentencing challenge for appeal. **See Commonwealth v. Mann**, 820 A.2d 788 (Pa.Super. 2003) (stating issues that challenge discretionary aspects of sentencing are generally waived if they are not raised during sentencing proceedings or in post-sentence motion); **accord Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa.Super. 2012). **See also Commonwealth v. Reeves**, 778 A.2d 691, 692-693 (Pa.Super. 2001) (finding waiver where appellant "did not give the sentencing judge an opportunity to reconsider or modify sentence" on any of the bases that appellant currently argues on

appeal); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Nevertheless, we will address this challenge because appointed counsel has filed an ***Anders*** brief and a petition to withdraw. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009) (addressing the appellant's discretionary sentencing challenge in light of counsel's petition to withdraw, despite the fact that his Pa.R.A.P. 2119(f) statement failed to cite what particular provision of the Sentencing Code or what specific fundamental norm the appellant's sentence allegedly violated), citing ***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa.Super. 2001) (concluding that ***Anders*** requires review of issues otherwise waived on appeal).

Here, the issue presented in the ***Anders*** brief is that appellant's sentence is harsh and excessive. (Appellant's brief at 5-6.) It is well settled, however, that upon entry of a negotiated plea, "a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa.Super. 2003) (citation and quotation omitted). "One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa.Super. 2008) (citation omitted). Because appellant entered a guilty plea and received a negotiated sentence, he may not seek discretionary review of that sentence.

We conclude that the record supports Attorney Smith's assessment that appellant's appeal is wholly frivolous. Moreover, our independent review of the entire record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm appellant's December 10, 2018 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/19